UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
        Plaintiff, ) Civil Action No: 11-cv-850
)
v. )
) **COMPLAINT**
MILES KIMBALL COMPANY, ) (Jury Trial Demand)
)
        Defendant. )
_____)

NATURE OF THE ACTION

This is an action brought against Miles Kimball Company under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Laura Nejedlo, a former Miles Kimball employee who is profoundly deaf. Specifically, Miles Kimball discriminated against Ms. Nejedlo by denying her a reasonable accommodation and discharging her because of her disability.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f) (1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. The plaintiff, Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with administering, interpreting, and enforcing Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the defendant, Miles Kimball Company ("Miles Kimball"), has continuously been and is now a corporation doing business in the State of Wisconsin and has continuously had and does now have at least 15 employees.

5. At all relevant times, Miles Kimball has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Miles Kimball has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Laura Nejedlo ("Nejedlo") filed a charge with the EEOC alleging violations of Title I of the ADA by Miles Kimball. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Beginning on or about June 2007, Miles Kimball engaged in unlawful employment practices at its facility in Oshkosh, Wisconsin, in violation of Title I of the ADA, 42 U.S.C. §12112(a) and (b)(5)(A) and (B), by denying Ms. Nejedlo an accommodation and discharging her because of her disability (deafness). In 2007, while working as an Application Specialist in Miles Kimball's Information Technology Department, Ms. Nejedlo was assigned to use a new software program for Miles Kimball's computer system, but was denied her requested accommodation of a

sign language interpreter for training and accordingly was denied the opportunity to fully utilize the new software program. On February 8, 2008, after 13 years of successful employment with Miles Kimball, Ms. Nejedlo was fired.

9. The effect of the practices complained of in Paragraph 8 above has been to deprive Ms. Nejedlo of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability in violation of Title I of the ADA, 42 U.S.C. § 12112.

10. The unlawful employment practices complained of above in Paragraph 8 were intentional.

11. The unlawful employment practices complained of above in Paragraph 8 were done with malice or with reckless indifference to Ms. Nejedlo's federally-protected rights.

PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Miles Kimball and its officers, successors, and assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability;

B. Order Miles Kimball to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices;

C. Order Miles Kimball to make Ms. Nejedlo whole by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including front pay;

D. Order Miles Kimball to make Ms. Nejedlo whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 8 above, including (but not limited to) job search expenses and medical expenses, in

amounts to be determined at trial;

E. Order Miles Kimball to make Ms. Nejedlo whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in Paragraph 8 above, including (but not limited to) emotional pain, suffering, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

F. Order Miles Kimball to pay Ms. Nejedlo punitive damages for its malicious or reckless conduct, as described in Paragraph 8 above, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        131 M Street, N.W.
        Washington, D.C. 20507-0100

Dated: August 8, 2011        s/ *John C. Hendrickson*
        John C. Hendrickson, Regional Attorney
        EEOC Chicago District Office
        500 West Madison Street - Suite 2800
        Chicago, IL 60661
        *Telephone*: (312) 353-7719 *Fax*: (312) 353-8555
        *E-mail*: john.hendrickson@eeoc.gov

Dated: August 8, 2011        s/ *Jean P. Kamp*
        Jean P. Kamp, Associate Regional Attorney

EEOC Chicago District Office
500 West Madison Street - Suite 2800
Chicago, IL 60661
*Telephone*: (312) 353-7719 *Fax*: (312) 353-8555
*E-mail*: jean.kamp@eeoc.gov

Dated: August 8, 2011 _s/ *Dennis R. McBride*_
Dennis R. McBride, Senior Trial Attorney
EEOC Milwaukee Area Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI 53203-2292
*Telephone*: (414) 297-4188
*Facsimile*: (414) 297-3146
*E-mail*: dennis.mcbride@eeoc.gov